CRESCENT CREDIT UNION *vs.* MICHAEL F. CASIERI & others. June 1, 1977. The plaintiff, Crescent Credit Union, commenced this action by bringing a bill of interpleader in which it sought an order for distribution of surplus funds of a real estate foreclosure sale of property formerly owned by Michael and Alta Casieri. The appellant, Alta Casieri (Alta), and the appellee Stephen Wainwright, were among the parties defendant. Alta hired Wainwright as counsel on March 5, 1974, to assist her in obtaining a share of the fund. Wainwright submitted an answer in his own behalf and an answer in behalf of Alta. Both answers alleged in part that Alta had executed a demand promissory note and a mortgage to Wainwright on February 25, 1972, in the amount of $1,500 plus six per cent interest per annum, and that the note had not been paid. The master found that Wainwright had perfected his lien and was entitled to standing as a secured creditor to collect the sum of $1,762.50 from Alta's share of the surplus fund. On March 28, 1975, a motion was submitted on behalf of Alta to adopt the master's report and for judgment on the master's report. On April 4, 1975, Alta, represented by allegedly "new" counsel, filed an amended motion to adopt the master's report in which she stated that Wainwright had been fired as her counsel on January 16, 1975, due to his "incompetence." She also alleged that Wainwright wrongfully represented her while pursuing his own claim against her. See S.J.C. Rule 3:22, 359 Mass. 816 (1972). See also ABA Code of Professional Responsibility, Ethical Consideration 5-2 of Canon 5 (1970). She then moved that the sum of $1,762.50, which the master found she owed Wainwright, be held in escrow pending further hearing on her conflict of interest allegation. On April 15, 1975, Wainwright filed his own motions to adopt the master's report and for judgment on the master's report. The judge adopted the master's report without modifying that portion of the report concerning Wainwright's entitlement to $1,762.50 from Alta's

share of the proceeds. Alta then brought an appeal to this court. All claims other than the one for the order for payment to Wainwright have been waived by her. She has alleged that Wainwright's representation of her while an interested party in the litigation constituted a conflict of interest. Compare *Grievance Comm.* v. *Rottner,* 152 Conn. 59, 65 (1964); *Cinema 5, Ltd.* v. *Cinerama, Inc.* 528 F.2d 1384, 1386 (2d Cir. 1976). Because of the seriousness of the allegations contained in Alta's brief, we ordered the case remanded for further factual findings by the judge. The judge prepared extremely detailed and thorough findings which indicate that the master specifically asked Alta at the hearing before him on November 19, 1974, whether she had any objection to Wainwright's pressing his claim as well as hers and that she stated that she did not. Compare Restatement (Second) of Agency § 389 (1958), with *Matthew* 6:24. The judge also found that the amount of the claim, which was based upon past services rendered to her by Wainwright, was fair. In addition, the judge found that Alta's firing of Wainwright was completely unrelated to any purported conflict of interest on his part. We hold that these findings are not clearly erroneous (Mass.R.Civ.P. 52[a], 365 Mass. 816 [1974]. *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass. 157, 160-161 [1977]; *Sanguinetti* v. *Nantucket Constr. Co. Inc. ante,* 227, 228-229 [1977]) and fully support the judge's conclusion that Alta's allegation and that of her "new" counsel that Wainwright's representation of her constituted a conflict of interest is completely without foundation. See Restatement (Second) of Agency § 390 (1958).

*Judgment affirmed.*

*George L. Wainwright* for Stephen R. Wainwright.
*Victor G. Fields,* for Alta L. Casieri, submitted a brief.